## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No.   1:18-cr-00330-MSK-GPG

UNITED STATES OF AMERICA,

Plaintiff,

v.

PEDRO CHAVEZ-VARELA,

Defendant.

---

### PLEA AGREEMENT

---

The United States of America, by and through Robert C. Troyer, United States Attorney for the District of Colorado, and Pete Hautzinger, Assistant United States Attorney, and the defendant, PEDRO CHAVEZ-VARELA, personally and by counsel, Richard Stuckey, hereby submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.

### I.   AGREEMENT

**A.   *Defendant's Plea of Guilty:***

The defendant agrees to plead guilty to the sole count of the Indictment, charging a violation of 8 U.S.C. § 1326(a) and (b)(1), illegal re-entry of a previously deported alien following a felony conviction.   The defendant further agrees to waive his appellate rights, as set forth below.

**B.   *Government's Obligations:***

In exchange for the defendant's plea of guilty and waiver of certain appellate rights,



the United States agrees to (1) recommend the Court give the defendant full credit for acceptance of responsibility, unless the defendant engages in conduct that qualifies for the obstruction of justice enhancement under U.S.S.G. §§ 3C1.1 and 3E1.1, comment (note 4) between the time of the guilty plea and sentencing; and (2) request a sentence within the advisory guideline range resulting from the "fast track" disposition.

    **C.**    *Early Disposition ("Fast Track") Agreement:*

This plea agreement is made pursuant to the District of Colorado's early disposition ("Fast Track") program based on USSG 5K3.1 ("early disposition programs"). The government agrees to file a motion for a three-level downward departure pursuant to USSG § 5K3.1 ("early disposition programs"). In exchange for the motion for a 3-level downward departure described above, the defendant agrees to: (a) not file any motions pursuant to Rule 12(b)(3), *Federal Rules of Criminal Procedure*; (b) not request any further or additional departure or variance under either the Sentencing Guidelines or 18 U.S.C. § 3553(a); and (c) waive certain appellate rights, as described below. Although the parties understand that the Guidelines are only advisory, the United States and the defendant stipulate and agree that this fast track disposition is appropriate and results in a sentence that advances the sentencing goals set forth in 18 U.S.C. § 3553(a).

    **D.**    *Defendant's Waiver of Appeal:*

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection

with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 7; or (3) the government appeals the sentence imposed.  If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255).  This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

## II.   ELEMENTS OF THE OFFENSE

The parties agree that the elements of the offense to which the defendant will plead guilty are as follows:

*First*:   The defendant was an alien (not a citizen or national of the United States) at the time alleged in the indictment;

*Second*: the defendant had previously been deported and removed from the United States;

*Third*: the defendant knowingly entered and was found in the United States;

3

for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations.   To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate and agree as follows:

The defendant is a native and citizen of Mexico without claim to lawful immigration status in the United States.   The defendant was last removed from the United States on February 17, 2018, through Nogales, Arizona.   The defendant did not seek or obtain permission to return lawfully to the United States.   In other words, the defendant did not obtain the express consent of the proper legal authority to reapply for admission to the United States.   Nonetheless, he returned.   ICE Deportation Officers encountered him in Mesa County, Colorado on June 7, 2018.

With respect to his criminal history, the defendant has sustained the following convictions:

- Convicted November 20, 2017 in Eagle County District Court, of Felony Menacing, a class 5 felony and Prohibited Use of a Weapon, a class 2 misdemeanor.   Received 60 days jail and 4 years probation.

- Convicted on March 12, 2012 in Garfield County Court, of Driving Under the

Influence, a traffic misdemeanor.   Received 6 months jail and 3 years probation.

- Convicted on April 17, 2012 in Summit County Court, of Driving Under the Influence, a traffic misdemeanor.   Received 6 months jail and 3 years probation.

- Convicted on October 16, 2000, in Garfield County Court, of Driving Under the Influence, a traffic misdemeanor.   Received 275 days jail and 2 years probation.

- Convicted on November 30, 1998, in Eagle County Court, of Driving Under the Influence, a traffic misdemeanor.   Received 1 year jail (suspended) jail and 1 year probation.

- Convicted on May 22, 1997, in Garfield County Court, of Driving Under the Influence, a traffic misdemeanor.   Received 45 days jail and 2 years probation.

The defendant has the following removal history:

- Was removed to Mexico on February 17, 2018, through Nogales, Arizona.

## VI.   ADVISORY GUIDELINE COMPUTATION AND 18 U.S.C. § 3553 ADVISEMENT

The parties understand that the United States Sentencing Guidelines are only advisory, but represent the starting point and benchmark for sentencing.   The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553.   In determining the particular sentence to be imposed, the Court is required to consider seven factors.   One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. To aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines (USSG).   To the extent that the parties disagree about the guideline computations, the recitation below

6

departure in light of the "fast track" disposition.   The range of imprisonment resulting from an offense level of **7** and a criminal history of IV would be **8-14** months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level estimated above could conceivably result in a range from **0-21** months.

In any event, the guideline range would not exceed the cumulative statutory maximum applicable to the count of conviction.

I.   <u>Fine</u>:  Pursuant to guideline § 5E1.2, assuming an estimated offense level of **10**, the fine range for this offense would be $4,000 to $40,000, plus applicable interest and penalties.   The range for an offense level 7 is $1,000 to $9,500.

J.   <u>Supervised Release</u>:  The guideline range of supervised release under § 5D1.2 is at least one year but not more than three years.   However, pursuant to § 5D1.1(c), the Court ordinarily should not impose a term of supervised release because supervised release is not required by statute and the defendant is an alien who likely will be deported after imprisonment.   The Court may consider imposing a term of supervised release if the Court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of the particular case. § 5D1.1, comment (note 5).

The parties understand that although the Court will consider the parties' guideline estimate, the Court must make its own determination of the applicable guideline range. In doing so, the Court is not bound by the position of any party.   The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553

8

factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII.   ENTIRE AGREEMENT

This document states the parties' entire agreement.   There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied.   In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: *Aug 6, 2018*

Pedro Chavez-Varela
Defendant

Date: *Aug. 6, 2018*

Richard Stuckey
Attorney for the Defendant

Date: *9/13/18*

Pete Hautzinger
Assistant United States Attorney